**In re Anonymous No. 6 D.B. 80**

Disciplinary Board Docket No. 6 D.B. 80

To the Honorable, Chief Justice and Justices of The Supreme Court of Pennsylvania.

SCHIAVO, *Member,* June 11, 1982—Pursuant to

Rule 208 (d) of the Pennsylvania Rules of Disciplinary Enforcement (Enforcement Rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above preceeding.

## I. STATEMENT OF THE CHARGES

Respondent, an attorney admitted to the practice of law in the Commonwealth of Pennsylvania, with his office located in [ ] County, Commonwealth of Pennsylvania, has been charged by petitioner, Office of Disciplinary Counsel, with violation of various Disciplinary Rules of the Code of Professional Responsibility arising out of two charges against respondent by petitioner.

With regard to Charge I, respondent has been charged with violation of:

A. D.R. 1-102(A)(4)—Dealing with conduct involving deceit or misrepresentation;

B. D.R. 2-110(A)(3)—Dealing with the prompt refund by lawyer of any part of a fee paid in advance that has not been earned when a lawyer withdraws from employment;

C. D.R. 6-101(A)(3)—Dealing with neglect of a legal matter entrusted to a lawyer;

D. D.R. 6-102(A)—Dealing with an attempt by a lawyer to exonerate himself from or limit his liability to his client for his personal malpractice;

E. D.R. 9-102(B)(3)—Dealing with the maintenance by a lawyer of complete records of all funds, securities and other properties of a client coming into his possession, and the rendition of appropriate accounts to the client regarding them; and

F. D.R. 9-102(B)(4)—Dealing with the prompt payment or delivery to the client, as requested by the client, the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

With regard to Charge II, respondent has been charged with violation of:

A. D.R. 1-102(A)(4)—Dealing with conduct involving deceit or misrepresentation;

B. D.R. 6-101(A)(3)—Dealing with neglect of a legal matter entrusted to a lawyer;

C. D.R. 7-101(A)(1)—Dealing with the intentional failure of a lawyer to seek the lawful objectives of his clients through reasonable available means; and

D. D.R. 7-101(A)(2)—Dealing with the intentional failure of a lawyer to carry out a contract of employment entered into with a client for professional services.

## II. HISTORY OF THE PROCEEDINGS

On February 21, 1980, a petition for discipline was filed by the Office of Disciplinary Counsel against respondent to which an answer was not filed, and the matter was referred to hearing committee [   ]. The hearing committee conducted two hearings and on September 1, 1981 filed its report embodying certain findings of fact, conclusions and recommendations. Its conclusion was that respondent did violate with regard to Charge I D.R. 1-102(A)(4), 6-101(A)(3), 9-102(B)(3) and 9-102(B)(4) and did with regard to Charge II violate D.R. 6-101(A)(3).The hearing committee recom-

mended that respondent receive the discipline of public censure.

A petition to reopen the record was filed by Disciplinary Counsel on September 21, 1981 to which an answer was filed by respondent requesting that the petition to reopen the record be denied. By order of October 30, 1981, date of the chairman of this board said petition to reopen the record was granted to offer evidence of other professional misconduct of record involving respondent, the basis for said order to reopen being that since recommended public discipline has not yet been imposed upon respondent, the record could be reopened. Subsequently, on December 10, 1981, a hearing was held by the same hearing committee relative to the introduction of said evidence, and on March 8, 1982 said hearing committee filed a supplemental report recommending public censure with probation as the discipline to be imposed upon respondent and to which no party has filed any exceptions.

## III. HEARING COMMITTEE RECOMMENDATION AND REASONS THEREFOR

The said recommendation of hearing committee [   ] was unanimous that respondent receive public censure with probation consisting of:

1. Satisfactory completion by respondent of a law office management course specified by the Disciplinary Board;

2. That respondent deliver to the Disciplinary Board satisfactory evidence that respondent has obtained professional malpractice insurance that

meets with the approval of the Disciplinary Board; and

3. Such other conditions of probation as the board may see fit to impose.

The board indicated that its previous recommendation of public censure was largely unchanged because of the fact that all of the charges hereinvolved, including the two informal admonitions which had been admitted into evidence at the supplemental hearing, all arose during the years 1980 and 1981 or about the same period of time hereinvolved and which arose around the same problem of neglect, not indicative of a multiplicity of problems connected with respondent.

## IV. FINDINGS OF FACT

With regard to Charge I, the Estate of [A]:

1. Respondent was retained as legal counsel by the two daughters of [A] to represent them in a will contest of their father's estate in or about April of 1977.

2. From about April 17, 1977 to April 13, 1978, respondent basically did nothing with regard to processing said will contest and allowed the statute of limitations to lapse on the same and even after numerous requests made upon him by his clients to take steps to prosecute the matter.

3. Respondent misrepresented to his clients that he had filed a will contest when, in fact, he had not; moreover, he never did file any will contest until after the said statute of limitations expired and in August of 1978 and only after being contacted by Disciplinary Counsel relative to the matter.

4. Respondent agreed to discontinue his representation of his said clients provided they would allow him to discontinue his appeal from the lower court's dismissal of said will contest and would further withdraw charges which they had filed with Disciplinary Counsel against him.

5. Respondent in response to his clients' demand for return of the $1,000 fee in August of 1978 agreed that there was at least $600 due and owing to them; nonetheless, he refused to return any part of said fee to them.

With regard to Charge II, the [B] matter:

1. Respondent failed to take timely action in the prosecution of a discrimination lawsuit by [B] against Community Action of [C], Inc., resulting in said lawsuit being dismissed in June of 1978 because of respondent's failure to file a brief of law in support of said matter.

2. Respondent with regard to said discrimination matter or lawsuit misrepresented to his client, [B], that his case was dismissed by the court for reasons other than failure of him to file a brief of law.

## V. CONCLUSIONS OF LAW

With regard to Charge I, the Estate of [A]:

1. Respondent did neglect said legal matter as entrusted to him by the daughters of [A] and in violation of D.R. 6-101(A)(3).

2. Respondent did engage in conduct involving deceit and misrepresentation in violation of D.R. 1-102(A)(4).

3. Respondent failed to render an appropriate

account to his clients for funds in his possession in violation of D.R. 9-102(B)(3).

4. Respondent failed to make prompt delivery to his clients of funds in his possession, as requested by his clients, in violation of D.R. 9-102(B)(4).

With regard to Charge II, the [B] matter:

1. Respondent neglected a legal matter entrusted to him in violation of D.R. 6-101(A)(3).

## VI. PRIOR RECORD

On July 22, 1981, respondent received an informal admonition for displaying at his office entrance a sign indicating his engagement in the practice of law as well as being a real estate broker in violation of D.R. 2-102(E); on September 10, 1981, respondent received an informal admonition for neglect of a legal matter entrusted to him in violation of D.R. 1-102(A)(4) and 6-101(A)(3); and on August 11, 1981, respondent received another informal admonition for failing to institute suit on behalf of a client prior to the expiration of an applicable statute of limitations. The foregoing will be considered as part of a prior record only because the discipline was administered prior to the administering of the discipline hereunder; however, a review of the entire record of respondent in this matter reveals that all of the violations of respondent generally occurred during approximately the same time and arise out of the same careless and neglectful demeanor of respondent which may in part have emanated from his inexperience in the practice of law.

## VII. DISCUSSION

Respondent is shown by more than a fair preponderance of evidence to have committed several instances of neglect which reveal a pattern of neglect and which resulted in loss to several clients hereunder. It is also rather clear that respondent's neglect, although not yet a confirmed history or record of neglect, is tending in that direction and must be dealt with in a manner that is meaningful to respondent. What is more, a client's loss is an important factor in such instances of neglect because until such loss occurs, the client has sufficient remedy in removing the case or matter from the lawyer involved and taking it to another lawyer. Such losses have occurred with regard to Charge I in that the opportunity of contesting the [A] will has been substantially eliminated if not eliminated completely due to respondent's neglect, and with regard to Charge II said discrimination lawsuit of [B] has been lost and dismissed and has been totally concluded against him. Such neglect and such loss represents the type of neglect which is violative of D.R. 6-101(A)(3). Office of Disciplinary Counsel v. [ ], no. 24 D.B.80. Respondent's attempt to extricate himself from a difficult relationship which he himself created with his clients in the [A] Estate matter and his misrepresentations to his clients therein all serve to support the conclusion of his violation of the other Disciplinary Rules related to said charge. The same can also be said for his dealing with [B] and his having been found in violation of Disciplinary Rules in the [B] matter as indicated above.

On the other hand, there does not appear to be

any intentional act of respondent hereunder so as to support a finding of his violation of those Disciplinary Rules involving intentional acts.

A particularily difficult problem arises around the issue of probation. The board is unanimous that public censure is the discipline to be here imposed upon the respondent as the appropriate form of discipline, considering the time frame within which all of said violative acts occurred and the general similarity of said violative acts, generally evidencing neglect and carelessness more than anything else on the part of respondent. It is due to the difficulty of both drawing up an effective probation program and not having a mechanism by which the same can be enforced that the board stops short of imposing a program of probation upon the respondent; nonetheless, respondent has been given notice that his acts bear close scrutiny and any continuation of this sort of activity by respondent will be severely examined and dealt with.

## VIII. RECOMMENDATION

The board recommends that respondent, [   ] be publically censured by the Supreme Court of Pennsylvania.

## ORDER

O'BRIEN, And now June 25, 1982, the report and recommendation of the Disciplinary Board dated June 11, 1982, are accepted; and it is ordered that [Respondent] be subjected to Public Censure by the Supreme Court at the session of court commencing September 20, 1982, in Pittsburgh.